# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Linda Mason,<br><br>        Plaintiff,<br><br>vs.<br><br>Eltman, Eltman & Cooper, P.C. Merriman Investments, LLC and CACV of Colorado, LLC,<br><br>        Defendants. | CIVIL FILE NO: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## PARTIES

4. Plaintiff Linda Mason ("Mason" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Eltman, Eltman & Cooper, P.C. ("EEC" or "Defendant"), upon information and belief, is a foreign professional corporation that operates as a debt

collection agency from an address of 140 Broadway, 26th Floor, New York, New York 10005.  EEC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Merriman Investments, LLC ("Merriman" or "Defendant"), upon information and belief, is a foreign limited liability company that operates as a debt collection agency from an address of 140 Broadway, 26th Floor, New York, New York 10005.

7. Defendant CACV of Colorado, LLC ("CACV" or "Defendant"), upon information and belief, is a foreign limited liability company that operates as a debt collection agency from an address of 4340 South Monaco Street, 2nd Floor, Denver, Colorado 80237.

8. Based upon information and belief, Merriman and CACV were the employer, master, principal or joint venturer of EEC, and Merriman and CACV are vicariously liable for the acts, errors and omissions of EEC.

## FACTUAL ALLEGATIONS

9. Plaintiff allegedly incurred a financial obligation with Fleet Bank, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

10. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

11. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff sometime before October 2010.

12. On or about October 20, 2010, EEC wrote directly to Plaintiff's attorney, William C. Michelson, in an attempt to collect this debt from Plaintiff.  *See* Exhibit 1.

13. In this letter, EEC wrote the following:

    > Our client has agreed to accept the $5,000.00 offer to settle the above reference account for less than the balance owed.  This payment would be received no later than 11/3/2010.  Upon clearance of the funds and completion of this agreement, the account will be closed as settled in full.
    >
    > Once the judgment has been satisfied or paid as agreed, this office will arrange for the filing of the necessary Satisfaction of Judgment documents thirty (30) days after receipt of payment with the court in the above referenced case.

    *See* Exhibit 1.

14. On or about October 28, 2010, Plaintiff's attorney, William C. Michelson, wrote directly to EEC.  *See* Exhibit 2.

15. In this letter Plaintiff's attorney, William C. Michelson, wrote the following:

    > Enclosed herein please find my client's check made payable to your law firm in the amount of $5,000.00 pursuant to the agreement we have reached as set forth in your October 20, 2010 letter[] . . . .

    *See* Exhibit 2.

16. The letter dated October 28, 2010 was received by EEC on November 2, 2010.  *See* Exhibit 3.

17. On or about November 5, 2010, Defendants sent this debt to National Enterprise Systems, Inc. for collection from Plaintiff, and Defendants caused National

3

Enterprise Systems, Inc. to communicate directly with Plaintiff when Defendants knew Plaintiff was represented by an attorney.  *See* Exhibit 4.

18. Defendants did not close the account and mark the alleged debt as paid in full.  *See* Exhibit 4.

19. Instead of closing the account and marking the debt as paid in full, Defendants credited $5,000.00 toward the overall balance of the alleged debt.  *See* Exhibit 4.

20. According to the Minnesota State Court Records, the judgment against Plaintiff for this debt has not been satisfied.

21. This debt is still reported as an unpaid judgment on Plaintiff's Trans Union, Experian and Equifax credit reports.

22. Defendants' conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by Defendants.

23. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of Defendants' acts and omissions.

### *Summary of FDCPA Violations*

24. The above mentioned conduct, errors, acts and omissions by Defendants constitute numerous and multiple violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(2)(A), 1692e(8), 1692e(10), and 1692f.

### **TRIAL BY JURY**

25. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

26. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

27. The foregoing acts of the Defendants constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

28. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

29. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

30. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendants, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendants herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated:  January 11, 2011.                **MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes
        Patrick L. Hayes (0389869)
        Attorneys for Plaintiff
        3101 Irving Avenue South
        Minneapolis, Minnesota 55408
        Telephone: 612-821-4817
        phayes@marsomichelson.com